DAVID L. JORDAN (SBN 203457)
dljordan@grsm.com
EDWARD ROMERO (SBN 148495)
eromero@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 875-3323
Facsimile: (415) 986-8054

Attorneys for PLAINTIFF AND COUNTER-DEFENDANT
GOOD TIMES RESTAURANTS, LLC AND
THIRD PARTY DEFENDANT VIKRAM BHAMBRI

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOD TIMES RESTAURANTS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SHINDIG HOSPITALITY GROUP LLC, an Illinois limited liability company; and DOES 1-10,<br><br>Defendant.<br>_____<br>SHINDIG HOSPITALITY GROUP LLC, an Illinois limited liability company<br><br>Counter-Plaintiff,<br><br>v.<br><br>GOOD TIMES RESTAURANTS, LLC, a California limited liability company,<br><br>Counter-Defendant. | **Case No. 3:21-cv-07688 AGT**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES OF COUNTER-DEFENDANT GOOD TIMES, LLC AND THIRD PARTY DEFENDANT VIKRAM BHAMBRI IN SUPPORT OF MOTION TO STRIKE ALLEGATIONS FROM THE COUNTERCLAIM AND THIRD PARTY COMPlAINT OF SHINDIG HOSPITALITY GROUP, LLC**<br><br>Date: Friday, March 25, 2022<br>Time: 10:00 a.m.<br>Courtroom: A – 15th Floor<br>[The Honorable Alex G. Tse] |

## I. INTRODUCTION

Non-party Mannish Mallick pleads a tale of woes. He accuses his cousin, Third-Party defendant Vikram Bhambri ("Bhambri"), of duping him into signing two written agreements even though Mallick read and understood their terms but did not agree with them. Mallick purportedly did so based on his cousin's representations "not to worry about it." Mallick further contends that he signed one of the agreements, entitled "Consulting and License Agreement" only after he invested $700,000.00 into the buildout of a restaurant in Chicago, Illinois named ROOH Chicago (the "Restaurant"). This buildout, however, is alleged to have occurred before the formation of defendant and counterclaimant Shindig Hospitality Group, LLC ("Shindig").

Mallick then asserts that he personally paid for the costs of securing the property on which the Restaurant was to be located (the "Property"); personally invested $600,000.00 into Shindig after he signed a second agreement, entitled "Shindig Operating Agreement; was forced to quit his day job to manage the Restaurant as to which he was required to spend "significant, time, money and energy" and was then subjected to mockery by his cousin before the Restaurant staff.

The problem with Mallick's tale is that he is not a party to this action and his alleged injuries were not suffered by Shindig. As such, the allegations concerning the purported injuries of Mallick are properly stricken because Shindig lacks standing under Article III of the United States Constitution to assert them. As such, the allegations at issue in this motion are immaterial and impertinent to the claims at issue in the Counterclaim and are therefore properly stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

Similarly, the allegations in paragraph 45 of the Counterclaim that Good Times engaged in improper labor practices by providing Shindig with undocumented workers and forcing Shindig to pay them in cash is also properly stricken under Rule 12(f). Shindig identifies no statutory, contractual or other legal duty requiring it to use undocumented employees at the Restaurant. Nor does Shindig identify any statutory or contractual duty to pay such employee cash, without regard to the employment laws of Illinois where the Restaurant is located. As

*Gordon Rees Scully Mansukhani, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

such, these allegations are immaterial, impertinent and indeed scandalous.

Accordingly, Good Times and Bhambri respectfully move to strike the allegations contained in paragraphs 17, 18, 26, 30 and 34 of the Counterclaim. They further move to strike portions of the allegations in paragraphs 22, 29, 31 and 45 of the Counterclaim.

## II.   THE PARTIES TO THIS ACTION

The Counterclaim arises from a written agreement between Good Times and Shindig entitled "Consulting and License Agreement." See Counterclaim, ¶¶19, 22 and Exhibit B thereto. The signature page to the Consulting and License Agreement shows that Third Party defendant Vikram Bhambri signed the agreement as the manager of Good Times and that Anupama Bhambri and Mallick signed the document as the managers of Shindig. Neither Anupama Bhambri nor Mallick are parties to this case.

## III.   THE INJURIES ALLEGEDLY SUFFERED BY MANISH MALLICK

In its pleading, Shindig alleges that Mallick and Vikram Bhambri are cousins Counterclaim at ¶16. The pleading further alleges that at some unspecified time in 2018, Bhambri approached Mallick "about opening a bar and restaurant in Illinois" as to which Good Times would act as a consultant to "Mr. Mallick's operation and teach Mr. Mallick how to operate a restaurant since that was not [his] expertise." Counterclaim, ¶14. Based on this alleged conversation, Mallick contends that he "agreed and began taking steps to form [Shindig], scout a location to open the [Restaurant] and generate the funds needed to finance the opening of the [R]estaurant." Counterclaim, ¶17.

   A.   *The Injuries Allegedly Suffered by Mallick as a Consequence of the Consulting and Licensing Agreement.*

The Counterclaim then characterizes Mallick and Bhambri as "parties" to an agreement that is ostensibly the Consulting and Licensing Agreement. The pleading asserts that the "parties" agreed that the Restaurant would operate under the name ROOH and serve progressive Indian food and Asian inspired cocktails . . . ." See Counterclaim, ¶18. The pleading further alleges that when Mallick reviewed the Consulting and Licensing Agreement, "he noticed that a 3% management fee" was added but that it had not been discussed or agreed to by the "parties."

-3-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  (*Id*., ¶20) and that when questioned by Mallick about the management fee, Bhambri stated it was
2  for the salary for the chef for the Restaurant and not to worry about it. *Id*. ¶21. As a
3  consequence, Mallick allegedly signed the Consulting and Licensing Agreement because he not
4  only relied on Bhambri's representations but had also invested approximately $700,000.00 into
5  the buildout and opening of the Restaurant. Counterclaim, ¶22.

      B.    *The Injuries Allegedly Suffered by Mallick as a Consequence of the Shindig Operating Agreement.*

8  The pleading does not state when Shindig was formed. Rather, it implies that the
9  company did not exist until November 2, 2018 when Mallick allegedly signed an operating
10 agreement for Shindig that was presented to him by Bhambri. Counterclaim, ¶23. In so doing,
11 Mallick claims that he made a capital contribution to Shindig of $600,000.00. *Id*., ¶26.
12 The pleading further alleges that Mallick personally paid all of the funds needed to lease
13 and secure the real property that had been selected for the Restaurant (the "Property").
14 Counterclaim, ¶29. Mallick is further alleged to have "spent significant time, money, and energy
15 preparing" the Property to operate as a restaurant. Counterclaim, ¶30. Finally, the pleading
16 asserts that Mallick was forced to quit his full-time job and assume the sole operation of the
17 Restaurant. *Id.*, ¶34.

      C.    *Shindig's accusation of Unfair Labor Practices.*

19 In addition to the injuries allegedly suffered by Mallick, the pleading accuses Good
20 Times of unfair labor practices by sending to Shindig undocumented employees and "forcing
21 Shindig" to pay them in cash and ostensibly without regard to the employment laws of Illinois
22 were the Restaurant is located. Counterclaim, ¶45.

### IV.  POINTS AND AUTHORITIES

      A.    *The Law Governing this Motion.*

25 This Court may strike from a pleading any "redundant, immaterial, impertinent, or
26 scandalous matter." Fed. R. Civ. Proc. 12(f). A matter is immaterial if the allegation "has no
27 essential or important relationship to the claim for relief or the defenses being pled." *Amini*

-4-

Memorandum of Counter-Defendant Good Times, LLC      Case No. 3:21-cv-07688 AGT
And Third Party Defendant Vikram Bhambri to Strike Allegations from Counterclaim

*Innovation Corp. v. McFerran Home Furnishings, Inc.*, 301 FRD 487, 490 (C.D. Cal. 2014). If there is any doubt as to whether the allegations might be relevant to the action, the motion must be denied. *Amini Innovation Corp., supra,* at 491. " 'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Amini Innovation Corp., supra,* at 490.

The grounds for a motion to strike must appear on the face of the pleading under attack, or from matters that the court may judicially notice. *See SEC v. Sands*, 902 F.Supp. 1149, 1165 (C.D. Cal. 1995); *Amini Innovation Corporation v. McFerran Home Furnishings, Inc.*, 301 FRD 487, 489-490 (C.D. Cal. 2014).

When ruling on a motion to strike, the court must accept the nonmoving party's allegations as true and liberally construe the attacked pleading in the light most favorable to the nonmoving party. *Multimedia Patent Trust v. Microsoft Corporation*, 525 F.Supp. 2d 1200, 1211-12 (S.D. Cal. 2007); *Stearns v. Select Comfort Retail Corporation*, 763 F.Supp. 2d 1128, 1140 (N.D. Cal. 2010).

Rule 12(f) does not require the moving party to show prejudice from the allegations to be stricken from a pleading. Rather, an order striking allegations from a pleading is proper even if the allegations are not shown to be prejudicial to the moving party if striking them will make the trial less complicated or otherwise streamline ultimate resolution of the case. *See State of California ex re. State Lands Comm'n v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981). Should prejudice be required, the possibility that issues will be unnecessarily complicated or that superfluous pleadings may cause trier of fact to draw "unwarranted" inferences is the type of prejudice sufficient to support a motion to strike. *See California Department of Toxic Substances Control Act v. Alco Pacific Inc.*, 217 F.Supp. 2d 1028, 1033 (C.D. Cal. 2002).

    **B.**    *The Allegations Concerning Mallick are Irrelevant and Impertinent Because They Concern Injuries Allegedly Suffered by Mallick and Not Shindig.*

Good Times and Bhambri move to strike the allegations contained in paragraphs 17, 18, 26, 30 and 34 of the Counterclaim and to strike portions of paragraphs 22, 29, 31 and 45 of the

Counterclaim. Good Times and Bhambri do so because the allegations in these paragraphs concern injuries purportedly suffered by Mallick. As such, Shindig lacks standing Article III standing to assert the allegations at issue in this motion because it has not suffered an injury-in-fact as required by Article III of the United States Constitution. *See Transunion LLC. v. Ramirez*, 594 U.S. _____, 141 S.Ct. 2190, 2203 (2021), *Spokeo v. Robins*, 136 S. Ct. 1540 (2016) and *Syed v. M-1, LLC*, 853 F.3d 492 (9th Cir. 2017).

Preliminarily, neither Mallick nor Bhambri are parties to the Consulting and Licensing Agreement and which was entered into by Good Time and Shindig. As such, the reference to "parties" cannot be reasonably be construed as an agreement between Mallick and Bhambri. Rather, they signed the document not in their individual capacities but as the managers of, respectively, Shindig and Good Times.

### *i.    The Allegations in Paragraph 17 are Properly Stricken.*

Additionally, Shindig is not alleged to have been formed until approximately November 2018 when Mallick purportedly signed the operating agreement for the company. Counterclaim, ¶24. As such, any steps undertaken by Mallick to "scout a location to open" the Restaurant and finance it were done at Mallick's own expense. *See* Counterclaim, ¶17. Any purported injury was therefore suffered by Mallick and not Shindig and the allegations of paragraph 17 are properly stricken because they are immaterial and impertinent.

### *ii.    The Allegations in Paragraph 18 are Properly Stricken.*

Likewise, the assertion in paragraph 18 of the Counterclaim that the "parties" agreed that the Restaurant would operate under the name ROOH and serve progressive Indian Food and Asian inspired cocktails" implies that Mallick and Bhambri were the parties to the Consulting and Licensing Agreement. As set forth above, the parties were Good Time and Shindig. As such the allegations in paragraph 18 provide a misleading interpretation of who constitute the parties to the agreement. As such, the allegations in paragraph 18 are immaterial and impertinent and properly stricken.

/ / /

-6-

Memorandum of Counter-Defendant Good Times, LLC                                 Case No. 3:21-cv-07688 AGT
And Third Party Defendant Vikram Bhambri to Strike Allegations from Counterclaim

### iii. *Portions of Paragraph 22 are Properly Stricken.*

The allegations in paragraph 22 that Mallick signed the Consulting and Licensing Agreement because he had already invested $700,000.00 into the buildout of the Restaurant is also property stricken. The agreement was purportedly entered into in November 2018, the same time that Mallick signed the operating agreement for Shindig. Counterclaim, ¶¶ 19, 23. As such, any investment made by Mallick into the Restaurant before the formation of Shindig was undertaken in his personal capacity and allegations of his $700,000.00 investment is properly stricken.

### iv. *The Allegations in Paragraph 26 are Properly Stricken.*

The allegations in paragraph 26 regarding the amount of Mallick's capital contribution and the capital contributions of the remaining four members of Shindig are properly stricken because they are not relevant to the claims or defenses in the Counterclaim. Rather, they involve purported injuries suffered by Mallick and other non-parties and are therefore immaterial and impertinent and properly stricken.

### v. *A Portion of Paragraph 29 is Properly Stricken.*

The assertion in paragraph 29 of the Counterclaim that Mallick "paid all amounts to secure the Property out of his own funds" does not represent a claim or injury suffered by Shindig. As such, the allegation is properly stricken.

### vi. *The Allegations in Paragraph 30 are Properly Stricken.*

Similarly, the allegations in paragraph 30 regarding the amount of time, money and energy spent by Mallick in preparing the Property to operate as a Restaurant are properly stricken because they are injuries allegedly incurred by Mallick and not Shindig.

### vii. *A Portion of Paragraph 31 is Properly Stricken.*

The portion of paragraph 31 alleging that Mallick "had no choice but to work extensively with third parties to design and implement a space for the Restaurant" are not injuries purportedly suffered by Shindig. As such, the allegations are properly stricken as immaterial and impertinent because Shindig has no standing to assert in its Counterclaim injuries purportedly

1 suffered by Mallick.

2     viii. *The Allegations in Paragraph 34 are Properly Stricken.*

3   As with the previous allegations to be stricken, the assertion in paragraph 34 of the
4 Counterclaim that Mallick was forced to quit his full-time job to operate the Restaurant is not an
5 injury suffered by Shindig. As such, the allegations are immaterial and impertinent to the claims
6 made by Shindig in its counterclaim are properly stricken.

7   *B.* *The Allegations of Unfair Labor Practices in Paragraph 45 are Properly*
8 *Stricken.*

9   In paragraph 45 of the Counterclaim, Shindig accuses Good Times of engaging in unfair
10 labor practices by sending its employees to work at the Restaurant even though they were
11 undocumented and not legally able to work. Counterclaim, ¶45. Shindig further asserts that it
12 was forced to pay these employees in cash. *Id.* Nowhere, however, does Shindig identify a
13 contractual duty that obligated it to employ undocumented aliens or pay them cash in violation of
14 the employment laws of Illinois. Indeed, it is hornbook law that an unlawful term or condition in
15 an agreement is unenforceable. *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal.4th
16 83, 123–24 (2000) (analyzing whether to sever an unlawful term or void the entire agreement);
17 *Tortoriello v. Gerald Nissan of N. Aurora, Inc.*, 379 Ill.App.3d 214, 239 (2008) (discussing
18 effect of severability clause on decision regarding whether to sever unlawful portions of
19 agreement). As such, the allegations in paragraph 45 of the Counterclaim are therefore properly
20 stricken have no basis in law.

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///

28

-8-

Memorandum of Counter-Defendant Good Times, LLC    Case No.  3:21-cv-07688 AGT
And Third Party Defendant Vikram Bhambri to Strike Allegations from Counterclaim

## IV.   CONCLUSION

Shindig's allegations about injuries incurred by Mallick are improper. Shindig lacks standing under Article III of the United States Constitution to assert claims based on injuries purportedly suffered by its managing member, Mallick. Such allegations are therefore properly stricken under Rule 12(f) of the Federal Rules of Civil Procedure.

Dated: February 14, 2022

GORDON REES SCULLY MANSUKHANI, LLP

By: /s/ David L. Jordan
  David L. Jordan
  Edward Romero
Attorneys for PLAINTIFF AND COUNTER-DEFENDANT GOOD TIMES RESTAURANTS, LLC and THIRD PARTY DEFENDANT VIKRAM BHAMBRI

-9-
Memorandum of Counter-Defendant Good Times, LLC         Case No. 3:21-cv-07688 AGT
And Third Party Defendant Vikram Bhambri to Strike Allegations from Counterclaim
1248979/64818364v.3