1  DAVID L. JORDAN (SBN 203457)
   dljordan@grsm.com
2  EDWARD ROMERO (SBN 148495)
   eromero@grsm.com
3  GORDON REES SCULLY MANSUKHANI, LLP
   275 Battery Street, Suite 2000
4  San Francisco, CA 94111
   Telephone:  (415) 875-3323
5  Facsimile:   (415) 986-8054

6  Attorneys for PLAINTIFF AND COUNTER-DEFENDANT
   GOOD TIMES RESTAURANTS, LLC AND
7  THIRD PARTY DEFENDANT VIKRAM BHAMBRI

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOD TIMES RESTAURANTS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SHINDIG HOSPITALITY GROUP LLC, an Illinois limited liability company; and DOES 1-10,<br><br>Defendant.<br>_____<br>SHINDIG HOSPITALITY GROUP LLC, an Illinois limited liability company<br><br>Counter-Plaintiff,<br><br>v.<br><br>GOOD TIMES RESTAURANTS, LLC, a California limited liability company,<br><br>Counter-Defendant. | **Case No.  3:21-cv-07688 AGT**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES OF COUNTER-DEFENDANT GOOD TIMES, LLC AND THIRD PARTY DEFENDANT VIKRAM BHAMBRI IN SUPPORT OF MOTION TO DISMISS THE COUNTERCLAIM OF SHINDIG HOSPITALITY GROUP, LLC**<br><br>Date:  Friday, March 25, 2022<br>Time:  10:00 a.m.<br>Courtroom: A – 15th Floor<br>[The Honorable Alex G. Tse] |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................................1

II. THE ALLEGATIONS AND CLAIMS FOR RELIEF ASSERTED...................................3

    A. The Agreement........................................................................................................3

    B. The Shindig Operating Agreement. .......................................................................5

III. POINTS AND AUTHORITIES .........................................................................................5

    1. The Standard Governing this Motion. ...................................................................5

    2. Shindig's Second, Sixth and Seventh Claims for Relief Fail to State Facts Upon Which Relief Can be Granted. ................................................................................7

        A. The Agreement is Not a Franchise Agreement............................................7

        B. Shindig Has Failed to State a Claim for Wrongful Termination of the Agreement....................................................................................................8

    3. The Counterclaim Fails to State a Claim for Breach of Fiduciary Duty. ..............10

    4. The Counterclaim Fails to State a Claim for Violation of the Unfair Competition Law. ......................................................................................................................11

    5. The Eighth Claim for Relief Fraud Fails to State a Claim Upon Which Relief Can be Granted. ............................................................................................................11

IV. CONCLUSION..................................................................................................................12

-ii-

Memorandum of Counter-defendant Good Times, LLC             Case No. 3:21-cv-07688 AGT
And Third Party Defendant Vikram Bhambri to Dismiss Counterclaim of Shindig Hospitality Group, LLC

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arpin v. Santa Clara Valley Transportation Agency*,
   261 F. 3d 912 (9th Cir. 2001) ................................................................................................. 6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................................. 6, 11, 12

*Bell Atlantic Corporation v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................. 5, 6, 11, 12

*Butler v. Los Angeles County*,
   617 F. Supp. 2d 994 (CD Cal. 2008) ..................................................................................... 6

*Caltex Plastics, Inc. v. Lockheed Martin Corporation*,
   824 F.3d 1156 (9th Cir. 2016) ............................................................................................... 6

*Cleveland v. Johnson*,
   209 Cal. App. 4th 1315 (2012) ........................................................................................... 10

*Doe v. United States*,
   419 F.3d 1058 (9th Cir. 2005) ............................................................................................... 6

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*, Inc.,
   896 F.2d 1542 (9th Cir. 1990) ............................................................................................... 6

*In re NVIDIA Corporation Securities Litigation*,
   768 F.3d 1046 (9th Cir. 2014) ............................................................................................... 6

*Knievel v. ESPN*,
   393 F.3d 1068 (9th Cir. 2005) ............................................................................................... 6

*Paulsen v. CNF, Inc.*,
   391 F. Supp. 2d 804 (ND Cal. 2005) ..................................................................................... 6

*Petrie v. Electronic Game Card, Inc.*,
   761 F.3d 959 (9th Cir. 2014) ................................................................................................. 6

*Seismic Reservoir 2020, Inc. v. Paulsson*,
   785 F.3d 330 (9th Cir. 2015) ................................................................................................. 6

*Strom v. United States*, 641 F.3d 1051, 1067 (9th Cir. 2011) ............................................... 5

*Thueson v. U-Haul International, Inc.*,
   144 Cal. App. 4th 664 (2006) ................................................................................................ 8

*Wolf v. Superior Court*,
   107 Cal. App. 4th 25 (2003) ................................................................................................ 10

-iii-

Memorandum of Counter-defendant Good Times, LLC                Case No. 3:21-cv-07688 AGT
And Third Party Defendant Vikram Bhambri to Dismiss Counterclaim of Shindig Hospitality Group, LLC

**Statutes**

California Business and Professions Code
    Section 17200 ................................................................................................................. 2

California Business and Professions Code
    Section 20001 ................................................................................................................. 9

California Business and Professions Code
    Section 20020 ............................................................................................................. 8, 9

California Corporations Code
    Section 31000 ................................................................................................................. 7

California Corporations Code
    Section 31302 ................................................................................................................. 7

**Rules**

Federal Rules of Civil Procedure
    Rule 12 ............................................................................................... 5, 6, 10, 11, 12

**Regulations**

16 Code of Federal Regulation
    Section 436 ................................................................................................................... 11

-iv-

Memorandum of Counter-defendant Good Times, LLC          Case No.  3:21-cv-07688 AGT
And Third Party Defendant Vikram Bhambri to Dismiss Counterclaim of Shindig Hospitality Group, LLC

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

## I. INTRODUCTION

Counter-defendant Good Times Restaurant, LLC ("Good Times") and Third-Party defendant Vikram Bhambri ("Bhambri") move to dismiss six of the nine claims for relief asserted by Counter-claimant and Third-Party claimant Shindig Hospitality Group, LLC ("Shindig). In its pleading, Shindig refers to its counterclaim and Third-Party complaint collectively as the "Counterclaim."

Good Times and Bhambri move to dismiss the Second, Sixth and Seventh Claims for Relief because they are based on the misguided notion that a written agreement entitled "Consulting and Licensing Agreement" (the "Agreement") which is alleged to have been entered into by Good Times and Shindig in November 2018 constitutes a written franchise agreement that is subject to the California and Illinois franchise law and federal law and regulations. The Agreement is attached to the Counterclaim as Exhibit B and examination of it reveals that it is not a franchise agreement. Indeed, the Agreement does not meet the definition of a franchise under either California or Illinois law. The Agreement contains no marketing plan. Nor does it impose on Shindig a marketing system prescribed by Good Times. Rather, the Agreement states that Good Times would provide strategic restaurant consulting and license to Shindig certain intellectual property of Good Times. As such, the assertion that the Agreement constitute a franchise agreement is without merit.

Equally without merit is the attempt to hold Bhambri personally liable for the claims asserted in the Counterclaim by Shindig based on his alleged failure to provide Shindig with franchise disclosure information required under California and Illinois law.

Good Times also moves to dismiss the Third Claim for Relief for breach of fiduciary duty. Nowhere does the Counterclaim allege facts that Good Times entered into a relationship with Shindig that imposes a fiduciary obligation. Nor does the Counterclaim allege that Good Times knowingly undertook to act as a fiduciary for Shindig. Rather, Shindig manufacturers a claim of breach of fiduciary duty because the two entities contained "predominately the same members." This is not a basis for a fiduciary relationship. Nor could one arise from the

-1-

*Gordon Rees Scully Mansukhani, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

Agreement which makes clear that Good Times was not acting on behalf of Shindig in any way. Rather, Good Times was contractually obligated to provide Shindig with instruction, information and guidance related to the operation of a restaurant. As such, the Counterclaim fails to state facts that impose a fiduciary obligation on Good Times, let alone facts establishing a breach of such an obligation warranting the dismissal of the Third Claim for Relief.

Good Times and Bhambri further move to dismiss the Fifth Cause of Action for Unfair Trade Practices because it is based, in part, on violations of state and federal franchise laws which do not apply to the Agreement. Dismissal of the fifth Claim for Relief is further warranted because the claim fails to allege enough facts to state a claim for relief that is plausible on its face. Instead, Shindig asserts that the Agreement contains unspecified "unconscionable terms" rendering the contract subject to California Business and Professions Code section 17200 which is known as the Unfair Competition Law (the "UCL"). Shindig, however, fails to allege the provisions of the Agreement that contain "unconscionable terms" thereby failing to state a plausible claim for relief.

Finally, Good Times and Bhambri move to dismiss the Eighth Claim for Relief for fraudulent misrepresentation which is based on the Agreement. The Counterclaim alleges that Shindig's managing member, Manish Mallick, read and understood the terms of the Agreement but that he did not agree with the terms. Mallick nonetheless signed the Agreement, and an operating agreement for Shindig, based on Bhambri's alleged representations that the terms "would be changed later" and "don't worry about it." The Agreement, however, is governed by California law and contains an integration clause which makes clear that it supersedes all prior and contemporaneous representations of the parties. The Agreement also makes clear that no amendments to it are binding unless set forth in a writing signed by the parties to the Agreement. Under such circumstances, Shindig could not have reasonably relied on the misrepresentations allegedly made by Bhambri and as such, Shindig has not stated facts upon which relief for intentional misrepresentation can be granted. Good Times therefore respectfully request that this motion to dismiss be granted in its entirety.

-2-

Memorandum of Counter-defendant Good Times, LLC   Case No. 3:21-cv-07688 AGT
And Third Party Defendant Vikram Bhambri to Dismiss Counterclaim of Shindig Hospitality Group, LLC

## II. THE ALLEGATIONS AND CLAIMS FOR RELIEF ASSERTED AGAINST GOOD TIMES AND BHAMBRI

Mallick is alleged to be one of two managing members of Shindig. Counterclaim, ¶27 and Exhibit C at ¶1.23. The other manager of the company is alleged to be Anupama Bhambri, the wife of Bhambri. Counterclaim, ¶27 and Exhibit C at ¶1.23. Mallick is further alleged to be the cousin of Bhambri. Counterclaim, ¶16.

### A. *The Agreement.*

Shindig alleges that in 2018, Bhambri approached Mallick about opening a bar and restaurant in Illinois (the "Restaurant") and that Good Times would act as a consultant to "Mr. Mallick's operation" and teach Mallick how to operate a restaurant. Counterclaim, ¶14. Ostensibly toward this goal, Bhambri presented Mallick with the Agreement in November 2018 which Bhambri represented "reflected how Good Times would consult and advise Shindig on opening and operating a restaurant." Counterclaim, ¶19. When Mallick reviewed the Agreement he "noticed" that it contained a management fee that had not been discussed or agreed to but he nonetheless signed the Agreement based on Bhrambi's representation that the management fee was for a chef; that the term would be changed later and "not to worry about it." Counterclaim, ¶¶20-21.

The Agreement is attached to the Counterclaim as Exhibit B. Shindig is identified in the preamble as the "Company" and Good Times is identified as the "Consultant." The first paragraph to the Agreement sets forth the obligations of Good Times in its role as the Consultant. It states:

> Consultant, through its authorized representatives, officers, directors, employees and/or agents, shall provide the Company with instruction, information and guidance *related generally to the operation of a restaurant*, including with respect to such matters as implementing and maintaining operating procedures; supply and equipment purchasing strategies; employee hiring, retention, management and compensation, public relations and advertising; menu item selection and management, and food preparation; and other such matters as the parties may agree upon from time to time *and which fall generally into the category of strategic restaurant consulting.*

Counterclaim, Exhibit B at ¶1 (emphasis added).

-3-

Memorandum of Counter-defendant Good Times, LLC    Case No. 3:21-cv-07688 AGT
And Third Party Defendant Vikram Bhambri to Dismiss Counterclaim of Shindig Hospitality Group, LLC

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

The Agreement also sets forth how Good Times would be paid for the consulting services provided to Shindig. Specifically, paragraph 2, entitled "Management Fee; Expense Reimbursement" states, in part:

> (a) In consideration of Manager provided the services described herein, the Company shall pay to Consultant a management fee equal to three percent (3%) of the gross sales of the Company, payable in arrears on a monthly basis.
>
> (b) The Company shall reimburse Consultant for all reasonably incurred, direct administrative, out-of-pocket expenses incurred by Consultant in performing its duties under this Agreement. Such reimbursement shall be made no less frequently than on a quarterly basis. Consultant shall submit written invoices to the Company. Consultant shall, upon request, provide the Company with all appropriate backup documentation to support Consultant's reimbursement claim. The Company shall pay all invoices for reimbursement with fifteen (15) days of receipt thereof.

*Id.*, Exhibit B at ¶2.

The Agreement further provides for the licensing of some of Good Times intellectual property to Shindig. Paragraph 5 of the Agreement, entitled "Intellectual Property License" states:

> Consultant hereby grants to the Company, a non-exclusive license (the "License") to the tradename "ROOH:, the overall Rooh restaurant concept, distinguishing architectural features, kitchen, bar and dining room design compoents, the restaurant "look and feel", color schemes, menus, and recipes as developed, updated and modified by Consultant from time to time (collectively, the "**Intellectual Property**").

Counterclaim, Exhibit B at ¶5.

Paragraph 5 of the Agreement further states that:

> The Company acknowledges that (i) the License allow [sic] the Company to use the Intellectual Property only at the Property and at no other location or in connection with any other business activity; (ii) Consultant has the right to use or license the use of the Intellectual Property to others, or make other use of the Intellectual Property itself, and the Company acknowledges that Consultant in fact does so use and/or license the Intellectual Property at other locations; and (iii) neither the Company or any Member shall have any ownership interest in any component of the Intellectual Property or any right to participate or own an interest in any other use of the Intellectual Property absent a separate, or other agreement granting such rights. As consideration for the License, the Company shall pay Consultant a one time licening fee of $75,000, payable in full upon mutual execution of this Agreement.

Id.

The Agreement is governed by California law (Counterclaim, Exhibit B at ¶9(g)); contains an integration clause (Counterclaim, Exhibit B at ¶9(j)) and provides that "[n]o

-4-

1  amended to this Agreement shall be valid or binding unless set forth in writing and duly executed
2  by each of the parties to this Agreement." Counterclaim, Exhibit B at ¶9(k).

3      *B.    The Shindig Operating Agreement.*

4      Under the heading "Formation of Shindig", the Counterclaim alleges that Bhambri
5  presented Mallick with an operating agreement for Shindig (the "Operating Agreement").
6  Counterclaim, ¶23. In so doing, Bhambri is alleged to have "told Mr. Mallick that it was
7  standard to have such an agreement and 'not to worry about it.'" *Id*. Based on these
8  representations, Mallick signed the operating agreement, which is allegedly attached to the
9  Counterclaim as Exhibit C. Counterclaim, ¶¶23, 24. Shindig alleges that unbeknownst to
10 Mallick, and without his consent, Bhambri appointed his wife, Anupama Bhambri as a co-
11 manager in the Operating Agreement. Counterclaim, ¶27; Exhibit C at ¶1.23. When Mallick
12 questioned why his wife, Rina Mallick was not listed as a co-managing member in lieu of
13 Anupama, Bhambri allegedly responded "don't worry we will update it later and that we just
14 need to get this signed asap so that we can move forward with the lease." Counterclaim, ¶27.

15     The Operating Agreement is governed by Illinois law (Counterclaim, Exhibit C at ¶12.7)
16 and contains an integration clause that states the writing constitutes the entire agreement between
17 the parties and supersedes all prior and contemporaneous agreements and representations and
18 understandings of Shindig and Good Times. *Id*., Exhibit C at ¶12.14.

19     Finally, the Counterclaim alleges that the Restaurant opened for business on May 23,
20 2019. *Id.*, ¶32.

21     **III.    POINTS AND AUTHORITIES**

22     *1.    The Standard Governing this Motion.*

23     A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claim or claims
24 stated in a pleading. *Strom v. United States*, 641 F.3d 1051, 1067 (9th Cir. 2011). For purposes
25 of Rule 12(b)(6), a "claim" means a set of facts that if established, entitle Shindig to relief. *Bell*
26 *Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal under Rule 12(b)(6)
27 motion is proper when the pleading fails to either allege a cognizable legal theory or fails to
28

-5-

Memorandum of Counter-defendant Good Times, LLC    Case No. 3:21-cv-07688 AGT
And Third Party Defendant Vikram Bhambri to Dismiss Counterclaim of Shindig Hospitality Group, LLC

*(Left margin: Gordon Rees Scully Mansukhani, LLP / 275 Battery Street, Suite 2000 / San Francisco, CA 94111)*

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

allege sufficient facts to support a cognizable legal theory. *Caltex Plastics, Inc. v. Lockheed Martin Corporation*, 824 F.3d 1156, 1159 (9th Cir. 2016); *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015) (dismissal can be based on a dispositive legal issue).

A motion to dismiss cannot consider material outside of the pleading unless this Court converts the motion into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transportation Agency*, 261 F. 3d 912, 925 (9th Cir. 2001); *Butler v. Los Angeles County*, 617 F. Supp. 2d 994, 999 (CD Cal. 2008); *Paulsen v. CNF, Inc.*, 391 F. Supp. 2d 804, 807 (ND Cal. 2005). Moreover, material properly submitted with the pleading may be considered as part of the pleading for purposes of a Rule 12(b)(6) motion. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, Inc., 896 F.2d 1542, 1555, n. 19 (9th Cir. 1990); *Petrie v. Electronic Game Card, Inc.*, 761 F.3d 959, 964 n. 6, (9th Cir. 2014). As a consequence, the documents attached to a pleading and incorporated therein are treated as part of the pleading when ruling on a Rule 12(b)(6) motion. *See In re NVIDIA Corporation Securities Litigation*, 768 F.3d 1046, 1051 (9th Cir. 2014). The doctrine of incorporation by reference allows this Court to look beyond the pleadings without converting a Rule 12(b)(6) motion into a motion for summary judgment. *Knievel v. ESPN*, 393 F.3d 1068, 1076-1077 (9th Cir. 2005).

Although a pleading need not contain detailed factual allegations, the pleading must allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 556-557, 570 (2007). The plausibility requirement governs the pleading of all claims, including complaints, counterclaims and third-party claims, in all federal civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). Subject to the plausibility requirement of *Twombly* and *Iqbal*, this Court must accept as true the factual allegations in the pleading and all reasonable inferenced from the allegations are drawn in in the light most favorable to the pleader. *See Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005).

-6-

Memorandum of Counter-defendant Good Times, LLC                                  Case No.  3:21-cv-07688 AGT
And Third Party Defendant Vikram Bhambri to Dismiss Counterclaim of Shindig Hospitality Group, LLC

### 2. Shindig's Second, Sixth and Seventh Claims for Relief Fail to State Facts Upon Which Relief Can be Granted.

#### A. The Agreement is Not a Franchise Agreement

Shindig's Second Claim for Relief is for violation of the California Franchise Investment Law, Cal. Corp. Code section 31000 *et seq*. (the "CFIL"). Shindig bases this claim on the Agreement which Shindig contends constituted an offer and sale of a franchise under the CFIL. Counterclaim, ¶59. In so alleging, Shindig accuses Bhambri of misrepresenting and failing "to disclose the necessary information required under the CFIL." *Id*. Shindig further seeks to hold Bhambri individually liable under the CFIL by accusing him of "personally participating and materially" aiding the violation of the CFIL in his role as "the principal executive officer, director or" having similar status or function and control over Good Times in violation of section 31302 of the Corporations Code. Counterclaim, ¶63.

Shindig's contentions are without merit. The Agreement does not meet the statutory definition of a franchise and is therefore not subject to the CFIL. A franchise is an oral or written contract between two or more people by which

(1) a franchisee is granted the right to engage in the business of offering, selling or distributing good or services under a marketing plan or system prescribed in substantial part by a franchisor, and

(2) The operation of the franchisee's business pursuant to such plan or system is substantially associated with the franchisor's trademark, service mark, trade name, logotype, advertising or other commercial symbol designating the franchisor or its affiliate; and

(3) The franchisee is required to pay, directly or indirectly, a franchise fee.

A franchise fee under both the CFIL and the California Franchise Relations Act (the "CFRA") is a fee paid for the right to do business. It is not ordinary business expenses paid during the course of business. *Thueson v. U-Haul International, Inc.*, 144 Cal. App. 4th 664, 676

-7-

Memorandum of Counter-defendant Good Times, LLC   Case No. 3:21-cv-07688 AGT
And Third Party Defendant Vikram Bhambri to Dismiss Counterclaim of Shindig Hospitality Group, LLC

(2006). Indeed, for a business relationship to legally constitute a "franchise" a franchise fee of more than $100.00 must have been paid for the franchise rights. *Id*. at 673.

Nowhere does the Agreement set forth a "marketing plan" or "system" in any way "prescribed" by Good Times. Indeed, Shindig makes no such allegations in it is Counterclaim. This fact alone warrants dismissal of the Second Claim for Relief because the Agreement does not meet the first prong of the definition of a franchise.

The Agreement further makes clear that no fee is to be paid by Shindig for the right to do business. Instead, the management fee specified in the Agreement is for payment to Good Time for the consulting services to be performed under the Agreement and "which fall generally into the category of strategic restaurant consulting." Counterclaim, Exhibit B at ¶1. For this service, Good Times was to be paid a management fee. *Id*., at ¶2. The second payment specified in the Agreement is for the licensing of Good Times intellectual property for which Shindig would pay Good Times $75,000.00. *Id*. at ¶5. The licensing payment is not for the right of Shindig to do business but rather for its use of Good Times' intellectual property. As such, the intellectual property fee is not a franchise fee as set forth in *Thueson v. U-Haul International, Inc*., *supra*. Moreover the terms and conditions of the Agreement make clear that it is not a franchise agreement. As such, neither Good Times nor Bhambri had a duty to provide Shindig with a disclosure agreement under the CFIL. The Second Claim for Relief is therefore properly dismissed because it fails to state a claim upon which relief can be granted.

    B. *Shindig Has Failed to State a Claim for Wrongful Termination of the Agreement.*

The Sixth Claim for Relief asserts that Good Times wrongfully terminated the Agreement in violation of the California Franchise Relations Act, Business and Professions Code section 20000 *et seq*. (the "CFRA") and California Business and Professions Code section 20020 by providing Shindig with less than a sixty-day notice to cure. Counterclaim, ¶82. This claim for relief fails because the Agreement is not a franchise agreement and is therefore not subject to either the CFRA or section 20020 of the Business and Professions Code.

-8-

Memorandum of Counter-defendant Good Times, LLC     Case No. 3:21-cv-07688 AGT
And Third Party Defendant Vikram Bhambri to Dismiss Counterclaim of Shindig Hospitality Group, LLC

The definition of franchise under the CFRA is virtually identical to the definition used in the CFIL. *See* Business and Professions Code section 20001 defining "franchise" under the CFRA as, *inter alia*, a contract "between two or more persons by which (a) a franchisee is granted the right to engage in the business of offering, selling or distributing goods or services under a marketing plan or system prescribed in substantial part by a franchisor and . . . ." Similarly, section 20020 of the Business and Professions Code proscribes termination of a franchise agreement without good cause and with at least 60 days' notice. The Agreement, however, is not a franchise agreement for the reasons expressed in section 2A above and is therefore not subject to the CFRA or section 20020 of the California Business and Professions Code. Good Times and Bhambri therefore respectfully request that the Sixth Claim for Relief be dismissed because it fails to state a claim upon which relief can be granted.

*C.   The Agreement is not Subject to the Illinois Franchise Disclosure Act.*

In its Seventh Claim for Relief, Shindig seeks to hold Good Times and Bhambri liable under the Illinois Franchise Disclosure Act, 815 ILCS 705 et seq. The definition of a franchise under the Illinois Franchise Disclosure Act is virtually identical to that used in the CFIL and CFRA. Specifically, section 3 of the Illinois Franchise Disclosure Act provides, *inter alia*, that:

(1) "Franchise" means a contract or agreement, either expressed or implied, whether oral or written, between two or more persons by which:

(a) a franchisee is granted the right to engage in the business of offering, selling, or distributing goods or services, *under a marketing plan or system prescribed or suggested in substantial part by a franchisor*; and

(b) the operation of the franchisee's business pursuant to such plan or system is substantially associated with the franchisor's trademark, service mark, trade name, logotype, advertising, or other commercial symbol designating the franchisor or its affiliate; and

(c) the person granted the right to engage in such business *is required to pay to the franchisor or an affiliate of the franchisor, directly or indirectly, a franchise fee* of $500 or more;

815 ILCS 705/3 (emphasis added).

-9-

The Agreement is not subject to the Illinois Franchise Disclosure Act for the same reasons as set forth in sections 2A and 2B above. As such, the Seventh Claim for Relief is properly dismissed because Shindig is unable to state facts upon which relief can be granted under the Illinois Franchise Disclosure Act.

*3.    The Counterclaim Fails to State a Claim for Breach of Fiduciary Duty.*

Shindig seeks to hold Good Times liable for breach of fiduciary duty because four of its members are also members of Shindig. See Counterclaim, ¶¶67, 13, 25. This theory of liability is without merit and is properly dismissed under Rule 12(b)(6).

The Court of Appeal in *Wolf v. Superior Court*, 107 Cal. App. 4th 25, 29 (2003) set forth the definition of a fiduciary relationship:

> A fiduciary relationship is any relation existing between parties to a transaction wherein one of the parties is in duty bound to act with the utmost good faith for the benefit of the other party. *Such a relation ordinarily arises where a confidence is reposed by one person in the integrity of another, and in such a relation the party in whom the confidence is reposed, if he voluntarily accepts or assumes to accept the confidence,* can take no advantage from his acts relating to the interest of the other party without the latter's knowledge or consent."

*Id.* (internal quotations omitted)(emphasis added).

Additionally, "[b]efore a person can be charged with a fiduciary obligation, he must either knowingly undertake to act on behalf and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law." *Cleveland v. Johnson*, 209 Cal. App. 4th 1315, 1338-39 (2012) ("examples of relationships that impose a fiduciary obligation to act on behalf of and for the benefit of another are a joint venture, a partnership, or an agency.")

Here, the Counterclaim alleges no transaction in which Good Times assumed a fiduciary obligation with Shindig. Moreover, the Counterclaim does not allege that Good Times knowingly sought to act on behalf, and for the benefit, of Shindig. Nor could the Counterclaim so allege as Good Times' obligations under the Agreement were limited to providing Shindig with advice which Shindig could follow or ignore. *See* Counterclaim, Exhibit B at ¶1. As such, the Agreement establishes that Good Times was not acting on

-10-

behalf of Shindig in any way, but rather was providing it with "instruction, information and guidance related to the operation of a restaurant." *Id*.

In an attempt to evade the law governing fiduciary relationships, Shindig asserts that a fiduciary obligation exists simply because the two entities shared members. However, neither Good Times nor Bhambri have found any authority to support the contention that a fiduciary duty is imposed because Good Times and Shindig share members. Such a theory ignores the fact that Good Times and Shindig are separate and distinct legal entities regardless of their membership and there is no allegation that either entity agreed to undertake a fiduciary obligation on behalf of the other. Accordingly, dismissal of the Third Claim for Relief is warranted because Shindig has failed to state a claim upon which relief can be based.

*4.    The Counterclaim Fails to State a Claim for Violation of the Unfair Competition Law.*

The Fifth Claim for Relief seeks to hold Good Times and Bhambri liable under the Unfair Competition Law (the "UCL") based on the misguided theory that the Agreement is a franchise agreement. It is not for the reasons set forth in sections 2 and 3 above. Because the Agreement is not a franchise agreement, it is not subject to the Federal Trade Commission Act or its Franchise Disclosure Rule, 16 CFR 436.

Similarly, the contention that the actions of Good Times and Bhambri violated the UCL is nonsense. Shindig asserts that the Agreement contains unconscionable terms but does not identify the terms or allege why they are unconscionable. In so doing, the Counterclaim fails to allege enough facts to state a claim for relief that is plausible on its face in violation of *Twombly* and *Iqbal*, *supra*. The Fifth Cause of Action is therefore properly dismissed pursuant to Rule 12(b)(6).

*5.    The Eighth Claim for Relief Fraud Fails to State a Claim Upon Which Relief Can be Granted.*

1   Shindig's claim for fraudulent misrepresentation is without merit.  To state a claim for
2   fraudulent misrepresentation, Shindig must allege show that its reliance on the representation of
3   Bhambri was reasonable.  *Hoffman v. 162 Wolfe LLC*, 228 Cal. App. 4th 1178, 1194 (2014).
4   Shindig cannot do so.

5   Shindig's managing member, Mallick, read and understood the terms of the Agreement
6   and even asked questions about the Agreement and Operating Agreement.  Counterclaim, ¶20,
7   27.  Mallick nonetheless signed both agreements purportedly based on Bhambri's alleged
8   representations that the terms "would be changed later" and "don't worry about it."  The
9   Agreement and Operating Agreement, however, contain integration clauses which makes clear
10  that the agreements supersede all prior and contemporaneous representations of Good Times and
11  Shindig.  The agreements also make clear that no amendments to them are binding unless set
12  forth in a writing signed by the parties to the agreements.  Under these circumstances, Shindig
13  could not have reasonably relied on the misrepresentations allegedly made by Bhambri.  As such,
14  Shindig has not stated facts upon which relief for intentional misrepresentation can be granted.
15  Good Times therefore respectfully request that this motion to dismiss be granted in its entirety.

### IV.    CONCLUSION

17  Good Times and Bhambri move to dismiss claims for relief that are without merit.  The
18  Agreement is not subject to the franchise laws of California or Illinois.  As such, the Second,
19  Sixth and Seventh Claims are properly dismissed under Rule 12(b)(6).  Likewise, the Third
20  Claim for Relief for breach of fiduciary duty is without merit because there is no fact showing
21  that Good Times undertook a fiduciary obligation toward Shindig.  Similarly, the Fifth Claim for
22  Relief under the UCL is improper because it is based on purported violations of franchise law
23  and unspecified allegations of unconscionable terms which fail to satisfy *Twombly* and *Iqbal*.
24  Finally, the Eighth Claim for Relief for Fraud is without merit because Shindig's reliance on the
25  alleged representations of Bhambri are unreasonable under the circumstances.  Accordingly,
26  Good Times and Bhambri respectfully request that their motion to dismiss be granted in its
27  entirety.

-12-

Memorandum of Counter-defendant Good Times, LLC                              Case No.  3:21-cv-07688 AGT
And Third Party Defendant Vikram Bhambri to Dismiss Counterclaim of Shindig Hospitality Group, LLC

Dated: February 14, 2022

GORDON REES SCULLY MANSUKHANI, LLP

By: /s/ David Jordan
    David L. Jordan
    Edward Romero
Attorneys for PLAINTIFF AND COUNTER-DEFENDANT GOOD TIMES RESTAURANTS, LLC and THIRD PARTY DEFENDANT VIKRAM BHAMBRI

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1248979/64792621v.1

-13-

Memorandum of Counter-defendant Good Times, LLC   Case No. 3:21-cv-07688 AGT
And Third Party Defendant Vikram Bhambri to Dismiss Counterclaim of Shindig Hospitality Group, LLC