1  DAVID L. JORDAN (SBN 203457)
   dljordan@grsm.com
2  EDWARD ROMERO (SBN 148495)
   eromero@grsm.com
3  GORDON REES SCULLY MANSUKHANI, LLP
   275 Battery Street, Suite 2000
4  San Francisco, CA 94111
   Telephone: (415) 875-3323
5  Facsimile: (415) 986-8054

6  Attorneys for PLAINTIFF AND COUNTER-DEFENDANT
   GOOD TIMES RESTAURANTS, LLC AND
7  THIRD PARTY DEFENDANTS VIKRAM BHAMBRI,
   ANUPAMA BHAMBRI, TARESH ANAND,
8  JATINDER PAL SINGH KOHLI, AND SACHIN DHAWANWILL

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOD TIMES RESTAURANTS, LLC, a California limited liability company,<br><br>                   Plaintiff,<br><br>        v.<br><br>SHINDIG HOSPITALITY GROUP LLC, an Illinois limited liability company; and DOES 1-10,<br><br>                   Defendant.<br><br>SHINDIG HOSPITALITY GROUP LLC, an Illinois limited liability company<br><br>                   Counter-Plaintiff,<br><br>        v.<br><br>GOOD TIMES RESTAURANTS, LLC, a California limited liability company,<br><br>                   Counter-Defendant, | Case No. 3:21-cv-07688 AGT<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES OF COUNTER-DEFENDANT GOOD TIMES, LLC AND THIRD PARTY DEFENDANTS IN SUPPORT OF MOTION TO STRIKE ALLEGATIONS FROM THE AMENDED COUNTERCLAIM AND THIRD PARTY COMPLAINT OF SHINDIG HOSPITALITY GROUP, LLC**<br><br>Date: Friday, June 24, 2022<br>Time: 10:00 a.m.<br>Courtroom: A – 15th Floor<br>[The Honorable Alex G. Tse] |

-1-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

SHINDIG HOSPITALITY GROUP, LLC, )
an ILLINOIS limited liability company, )
)
                Third-Party Plaintiff, )
)
   v. )
)
VIKRAM BHAMBRI; ANUPAMA )
BHAMBRI; TARESH ANAND; )
JATINDER PAL SINGH KOHLI; SACHIN )
DHAWAN; and ROES 1 - 20, )
)
                Third Party Defendants. )
)

## I.    INTRODUCTION

Plaintiff and cross-defendant Good Times Restaurant LLC ("Good Times") and Third Party-Defendants Vikram Bhambri, Anupama Bhambri, Taresh Anand, Jatinder Pal Singh Kohli, and Sachin Dhawan (collectively, "Third Party Defendants") move to strike the allegations for attorney's fees contained in paragraph 83 of the Amended Counterclaim and Amended Third Party Complaint of Shindig Hospitality Group, LLC (the "Amended Pleading"). Good Times and the Third Party Defendants do so because there is no legal basis for Shindig Hospitality Group ("Shindig") to request attorney's fees.

This is a civil action between Good Times and its members and Shindig and it arises from a consulting and licensing agreement (the "Agreement") between Good Times and Shindig and an operating agreement signed by Shindig (the "Operating Agreement"). This case does not involve a public interest nor is it based on any matter affecting a public interest. Notwithstanding this fact, Shindig seeks attorney's fees pursuant to the common fund doctrine and the private attorney general doctrine as set forth in section 1021.5 of the California Code of Civil Procedure. Neither the common fund doctrine nor the private attorney general doctrine permit an award of attorney's fees to Shindig for the private matters at issue in this case. Good Times and the Third Party defendants therefore move to strike the allegations in paragraph 83 of the Amended Pleading because they are immaterial and impertinent as set forth in Rule 12(f) of the Federal Rules of Civil Procedure.

-2-

## II. STATEMENT OF ISSUES

The sole issue in this motion to strike is whether the allegations for attorney's fees contained in paragraph 83 of the Amended Pleading are proper.

## III. STATEMENT OF RELEVANT FACTS

Good Times brought this action against Shindig on October 1, 2021 asserting claims for breach of contract and declaratory relief arising from Shindig's breach of Agreement and trademark infringement under both federal and common law, unfair competition, and declaratory relief. (Dkt. 9.)

In response, Shindig filed its counterclaim asserting a laundry list of private rights of action. Shindig later amended its counterclaim through its Amended Pleading which seeks attorney's fees based on the private conduct of the parties to this case.

## IV. POINTS AND AUTHORITIES

*A. The Law Governing this Motion.*

This Court may strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). A matter is immaterial if the allegation "has no essential or important relationship to the claim for relief or the defenses being pled." *Amini Innovation Corp. v. McFerran Home Furnishings, Inc*., 301 FRD 487, 490 (C.D. Cal. 2014). If there is any doubt as to whether the allegations might be relevant to the action, the motion must be denied. *Amini Innovation Corp., supra,* at 491. "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Amini Innovation Corp., supra,* at 490.

The grounds for a motion to strike must appear on the face of the pleading under attack, or from matters that the court may judicially notice. *See SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995); *Amini Innovation Corporation v. McFerran Home Furnishings, Inc*., 301 FRD 487, 489-490 (C.D. Cal. 2014).

When ruling on a motion to strike, the court must accept the nonmoving party's allegations as true and liberally construe the attacked pleading in the light most favorable to the

-3-

1  nonmoving party. *Multimedia Patent Trust v. Microsoft Corporation*, 525 F. Supp. 2d 1200,
2  1211-12 (S.D. Cal. 2007); *Stearns v. Select Comfort Retail Corporation*, 763 F. Supp. 2d 1128,
3  1140 (N.D. Cal. 2010).
4       Rule 12(f) does not require the moving party to show prejudice from the allegations to be
5  stricken from a pleading. Rather, an order striking allegations from a pleading is proper even if
6  the allegations are not shown to be prejudicial to the moving party if striking them will make the
7  trial less complicated or otherwise streamline ultimate resolution of the case. *See State of*
8  *California ex re. State Lands Comm'n v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981).
9  Should prejudice be required, the possibility that issues will be unnecessarily complicated or that
10  superfluous pleadings may cause trier of fact to draw "unwarranted" inferences is the type of
11  prejudice sufficient to support a motion to strike. *See California Department of Toxic*
12  *Substances Control Act v. Alco Pacific Inc.*, 217 F.Supp. 2d 1028, 1033 (C.D. Cal. 2002).

    **B.**    *Shindig's Attorney's Fee Allegations are Irrelevant and Impertinent Because They Cannot be obtained in this Action.*

15  Good Times and Third Party Defendants move to strike the attorney fee allegations in
16  paragraph 83 of the Amended Pleading. They do so because the allegations are based on the
17  common fund doctrine and California's private attorney general doctrine which do not apply in
18  this matter. As such, the allegations are irrelevant and impertinent.
19       Under the common fund doctrine, "a litigant or a lawyer who recovers a common fund
20  for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee
21  from the fund as a whole." *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 96 (2013). There is no
22  common fund sought in this matter and the claims asserted in the Amended Pleading are brought
23  solely on behalf of Shindig. The allegations seeking recovery of attorney's fees under the
24  common fund doctrine are therefore irrelevant because they are have no essential or important
25  relationship to the claim for relief or the defenses being pled. They are also impertinent because
26  the common fund allegation has no application whatsoever to this action.
27       The allegation seeking fees pursuant to California Code of Civil Procedure section

-4-

Memorandum of Counter-Defendant Good Times, LLC      Case No.  3:21-cv-07688 AGT
And Third Party Defendants to Strike Allegations from Amended Counterclaim

1021.5 are also irrelevant and impertinent. Such fees can be awarded only when "a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons." Cal. Code of Civ. Proc., section 1021.5. Here, the Amended Pleading seeks no benefit or relief on behalf of the general public or any large class of persons, as this is solely a counterclaim for the benefit of Shindig. Thus, the allegations regarding obtaining attorney fees pursuant to California's private attorney general doctrine in paragraph 83 of the Amended Counterclaim are therefore irrelevant because they have no essential or important relationship to the claim for relief or the defenses being pled and are also impertinent because this allegation does not pertain, and is not necessary, to the issues in question

## IV.   CONCLUSION

Shindig's allegations seeking an award of attorney's fees are improper because this action does not seek to confer a benefit on behalf of the public. The allegations in paragraph 83 of the Amended Pleading are therefore properly stricken under Rule 12(f) of the Federal Rules of Civil Procedure.

Dated: May 13, 2022           GORDON REES SCULLY MANSUKHANI, LLP

By: _____
David L. Jordan
Edward Romero
ATTORNEYS FOR PLAINTIFF AND COUNTER-DEFENDANT GOOD TIMES RESTAURANTS, LLC AND THIRD PARTY DEFENDANTS VIKRAM BHAMBRI, ANUPAMA BHAMBRI, TARESH ANAND, JATINDER PAL SINGH KOHLI, AND SACHIN DHAWANWILL

-5-

Memorandum of Counter-Defendant Good Times, LLC                    Case No.  3:21-cv-07688 AGT
And Third Party Defendants to Strike Allegations from Amended Counterclaim

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2022, I electronically filed the foregoing with the Clerk's Office using the CM/ECF System which will send notification of such filing to all counsel of record.

/s/ Edward Romero
EDWARD ROMERO

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-6-

Memorandum of Counter-Defendant Good Times, LLC                Case No.  3:21-cv-07688 AGT
And Third Party Defendants to Strike Allegations from Amended Counterclaim