DAVID L. JORDAN (SBN 203457)
dljordan@grsm.com
EDWARD ROMERO (SBN 148495)
eromero@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 875-3323
Facsimile: (415) 986-8054

Attorneys for Plaintiff and Counter-Defendant
GOOD TIMES RESTAURANTS, LLC and
Third Party Defendants
VIKRAM BHAMBRI, ANUPAMA BHAMBRI;
TARESH ANAND; JATINDER PAL SINGH KOHLI;
And SACHIN DHAWAN

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOD TIMES RESTAURANTS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SHINDIG HOSPITALITY GROUP LLC, an Illinois limited liability company; and DOES 1-10,<br><br>Defendant.<br>_____<br>SHINDIG HOSPITALITY GROUP LLC, an Illinois limited liability company<br><br>Counter-Plaintiff,<br><br>v.<br><br>GOOD TIMES RESTAURANTS, LLC, a California limited liability company,<br><br>Counter-Defendant,<br>_____<br>SHINDIG HOSPITALITY GROUP, LLC, an ILLINOIS limited liability company,<br><br>Third-Party Plaintiff, | **Case No. 3:21-cv-07688 AGT**<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AMENDED COUNTERCLAIM AND AMENDED THIRD PARTY COMPLAINT**<br><br>Date: June 24, 2022<br>Time: 10:00 a.m.<br>Courtroom: A, 15th Floor<br>[The Honorable Alex G. Tse] |

-1-
Reply Memorandum ISO Motion to Strike Amended Counterclaim and Third Party Complaint
Case No. 3:21-cv-07688 AGT

|   |   |
|---|---|
| v. | ) |
| | ) |
| VIKRAM BHAMBRI; ANUPAMA BHAMBRI; TARESH ANAND; JATINDER PAL SINGH KOHLI; SACHIN DHAWAN; and ROES 1 - 20, | ) ) ) ) ) |
| Third Party Defendants. | ) ) |

The contention of Shindig Hospitality Group, LLC that it is allowed to seek attorney fees simply because it is pursuing a claim for unfair competition under section 17200 of the California Business and Professions Code is without merit. Before it can seek attorney's fees, Shindig must satisfy the criteria of the private attorney general statute which requires that a significant benefit be conferred on the general public or a large class of persons. Shindig has made no such showing nor can it reasonably do so because its claims for relief are asserted for its own benefit and not for the benefit of the general public. Indeed, Shindig fails to identify a single allegation in its amended counterclaim and third party complaint (the "Amended Pleading") that seeks to confer any benefit on the general public or a large class of persons. Good Times and the third party defendants therefore respectfully request that this Court grant their motion to strike Shindig's allegation of attorney's fees.

## I. ARGUMENT

Good Times and Third Party Defendants move to strike paragraph 83 of the Amended Pleading because there is no legal basis for Shindig to request attorney fees. (Motion at page 2:10-16.) The Motion is based on California Code of Civil Procedure, section 1021.5 which limits an award of attorney's fees under the private attorney general statute to situations "when 'a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general

public or a large class of persons.' "[1]  (Motion, p. 5:1-3.)  The Motion further states: "Here, the Amended Pleading seeks no benefit or relief on behalf of the general public or any large class of persons, as this is solely a counterclaim for the benefit of Shindig."  (*Id*. at 5:3-5.)

   Shindig argues that it is allowed to seek attorney fees under the private attorney general statute simply because it is asserting a claim for relief under the California Unfair Competition Law (the "UCL").  (Opposition, p. 2:17-18.)  However, to obtain attorney's fees under the private attorney general statute, a plaintiff must also satisfy the criteria set forth in the attorney general statute.  *Benson v. Southern California Auto Sales, Inc.*, 239 Cal. App. 4th 1198, 1208 (2015) ("A plaintiff can seek attorney fees after prevailing under [the UCL and False Advertising Law] under Code of Civil Procedure section 1021.5, the private attorney general statute. The plaintiff must, however, satisfy the code section's criteria.").  The criteria is specified in section 1021.5 of the Code of Civil Procedure which was cited in the Motion at page 5, lines 1-3.  Section 1021.5 states, in relevant part:

> Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of

---

[1] Shindig misrepresents the Motion when it argues that "the Moving Parties fail to cite one single authority in support of their argument that the fees are not available to Shindig under its Unfair Trade Practices claim in the Pleading." (Opposition, p. 1:13-15.)  The Moving Parties cite to Code of Civil Procedure section 1021.5 which is the authority that shows Shindig is not entitled to attorney fees based on its 17200 claim.  (Motion, p. 5:1-3.)

-3-

*Gordon Rees Scully Mansukhani, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

> private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any.

"The statute specifically provides for an award only when the lawsuit has conferred 'a significant benefit' on 'the general public or a large class of persons.' *Baxter v. Salutary Sportsclubs, Inc.* (2004) 122 Cal.App.4th 941, 945.

Here, Shindig fails to cite any aspect of the amended pleading which is brought as a significant benefit for the public. Instead, Shindig only cites to paragraph 79 of the Amended Pleading which relies on the injuries allegedly suffered by Shindig without any attempt to explain how the remedy of such injuries would substantially benefit the general public.

Specifically, paragraph 79 of the Amended Pleading alleges:

> The above actions of Counter-Defendants Good Times and Bhambri also constituted fraudulent trade practices in violation of Sections 17200 of the California Business & Professions Code. The above misrepresentations by Counter-Defendants Good Times and Bhambri had the capacity to deceive and deceived Shindig and others because Counter-Defendants Good Times and Bhambri had superior and exclusive knowledge of their business and Shindig a*nd members of the general public had no method of learning of the falsity of those misrepresentations.*

*Id.* (emphasis added).

Paragraph 79 does not contain a single factual allegation to in any way show how Shindig's Amended Complaint confers "a significant benefit" on "the general public or a large class of persons," or to show how this litigation would provide any benefit to a non-client or the public. To portray Shindig as taking

-4-

*Gordon Rees Scully Mansukhani, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

on a burden for the benefit of the public through this instant litigation is not an accurate portrayal because this lawsuit is being pursued by a single limited liability company, for the sole benefit of that limited liability company. As a consequence, Shindig's pleading does not support any award of attorney fees under California's private attorney general statute. Therefore, the allegations for attorney's fees in paragraph 83 of the Amended Complaint do not pertain, and are not necessary, to the issues in question.

Shindig also does not address how the Amended Pleading would support a request for attorney's fees under the common fund doctrine. Shindig argues that "while Good Times deceived and engaged in unfair business practices with Shindig directly, Good Times' actions also affected and could continue to affect the general public." (Opposition, p. 3:1-2.) Shindig goes on to argue, "For instance, the general public, and all who interacted with Good Times, had no method of learning about the falsity of the misrepresentations made when Good Times offers its services to others." (Opposition, p. 3:2-5.)

However, there is not one single allegation in the Amended Pleading that Good Times has ever done business with, or even discussed Rooh business opportunities, with any single other person other than Mr. Mallick, let alone the "general public." "[F]acts not alleged are presumed not to exist." *Kramer v. Intuit, Inc.*, 121 Cal.App.4th 574, 578 (2003). Thus, Shindig's assertions that his lawsuit will benefit the public ring hollow. Indeed, "Bhambri and Mr Mallick have a familial relationship as cousins." (Amended Pleading, ¶ 20.)

As stated in the Motion and not opposed by Shindig, "[u]nder the common fund doctrine, 'a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole.' *US Airways, Inc. v. McCutchen,* 569 U.S. 88, 96 (2013)." (Motion, p. 4:19-21.) Here, based on the allegations of the

1 Amended Pleading, there is no common fund sought in this matter and there is
2 no other party or identified member of the general public that would stand to
3 benefit, let alone be eligible for any damages out of any hypothetical "common
4 fund." Indeed, the claims for relief asserted in the Amended Pleading are
5 brought solely on behalf of Shindig and none of the claims are brought on behalf
6 of the general public. As such, there is no basis in law or fact for an award of
7 attorney's fees under the private attorney general doctrine or the common fund
8 doctrine.

## II.   CONCLUSION

The allegations for attorney's fees in the Amended Complaint are not relevant and are impertinent to the claims and defenses in this action which are brought solely for the benefit of Shindig. As such, there is no basis for Shindig to seek attorney's fees under either the private attorney general statute or the common fund doctrine.

Dated: June 3, 2022

GORDON REES SCULLY
MANSUKHANI, LLP

By: /s/ Edward Romero
     David L. Jordan
     Edward Romero
Attorneys for Plaintiff And Counter-Defendant GOOD TIMES RESTAURANTS, LLC And Third Party Defendants VIKRAM BHAMBRI, ANUPAMA BHAMBRI; TARESH ANAND; JATINDER PAL SINGH KOHLI; and SACHIN DHAWAN

# CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants.

/s/ *Edward Romero*_____
EDWARD ROMERO

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1248979/67715042v.2

-7-
Reply Memorandum ISO Motion to Strike Amended Counterclaim and Third Party Complaint
Case No. 3:21-cv-07688 AGT