UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GOOD TIMES RESTAURANTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SHINDIG HOSPITALITY GROUP, LLC,<br><br>Defendant. | Case No.  21-cv-07688-AGT<br><br>**ORDER TO AMEND COMPLAINT** |

Good Times Restaurants, LLC, voluntarily amended its complaint. Looking to the amended complaint, as it must, *see Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007), the Court concludes that it has subject-matter jurisdiction: the amended complaint raises a claim for trademark infringement under 15 U.S.C. § 1125. *See* Dkt. 9, FAC ¶¶ 36–46.

Although the Court has jurisdiction, the jurisdictional allegations are askew. In addressing jurisdiction in its amended complaint, Good Times doesn't reference the trademark claim and asserts that jurisdiction is based on diversity. *See id.* ¶ 3. The reference to diversity is a vestige from the original complaint, which didn't include a federal claim. It's a confusing reference, because as the Court previously noted (dkt. 55) there isn't diversity in this case. Even though the Court *has* jurisdiction, the amended complaint misidentifies *why* the Court has jurisdiction.

The reference to diversity is a pleading flaw, but it isn't fatal. "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. The Court, then, directs Good Times to file a second amended complaint, to cure the jurisdictional defect by properly alleging that the Court has jurisdiction under the federal trademark laws and under the federal-question statute. *See* 15 U.S.C. § 1121(a); 28 U.S.C. §§ 1331, 1338.

Good Times must file its second amended complaint by July 29, 2022. After Good Times does so, Shindig Hospitality Group, LLC, will need to timely amend its answer, its counterclaim, and its third-party complaint. Good Times and the third-party defendants may then renew their

motions to dismiss and to strike portions of the counterclaim and third-party complaint.  Under the

Federal Rules, this re-pleading process could take a couple of months. If the parties would like to

expedite the process, especially given that Good Times will be amending its complaint only to fix

defective jurisdictional allegations, the parties may stipulate to shorten time. The pending motions

to dismiss and to strike portions of the *first* amended counterclaim and third-party complaint (dkts.

47, 48) are denied as moot.

   **IT IS SO ORDERED.**

Dated: July 22, 2022

_____
Alex G. Tse
United States Magistrate Judge