DAVID L. JORDAN (SBN 203457)
dljordan@grsm.com
EDWARD ROMERO (SBN 148495)
eromero@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 875-3323
Facsimile: (415) 986-8054

Attorneys for Plaintiff and Counter-Defendant
GOOD TIMES RESTAURANTS, LLC And
Third Party Defendants
VIKRAM BHAMBRI, ANUPAMA BHAMBRI;
TARESH ANAND; JATINDER PAL SINGH KOHLI;
and SACHIN DHAWAN

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOD TIMES RESTAURANTS, LLC, a California limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>SHINDIG HOSPITALITY GROUP LLC, an Illinois limited liability company, et al.<br><br>    Defendant.<br>_____<br>SHINDIG HOSPITALITY GROUP LLC, an Illinois limited liability company,<br><br>    Counter-Plaintiff,<br><br>    v.<br><br>GOOD TIMES RESTAURANTS, LLC, a California limited liability company,<br><br>    Counter-Defendant,<br>_____<br>SHINDIG HOSPITALITY GROUP, LLC, an ILLINOIS limited liability company,<br><br>    Third-Party Plaintiff,<br><br>    v.<br><br>VIKRAM BHAMBRI, et al.,<br><br>    Third Party Defendants. | **Case No. 3:21-cv-07688 AGT**<br><br>**REPLY MEMORANDUM OF PLAINTIFF, COUNTER-DEFENDANTS AND THIRD PARTY DEFENDANTS TO MOTION TO STRIKE ALLEGATIONS FROM THE AMENDED COUNTERCLAIM OF SHINDIG HOSPITALITY GROUP, LLC**<br><br>Date: October 28, 2022<br>Time: 10:00 a.m.<br>Courtroom: A – 15th Floor<br>[The Honorable Alex G. Tse] |

-1-

Reply Memorandum in Support of Motion to Strike Amended Counterclaim of
Shindig Hospitality Group, LLC                                            Case No. 3:21-cv-07688 AGT

**1.     This Motion is Timely.**

The assertion that this motion is untimely is disingenuous. The amended counterclaim of Shindig is not a pleading as defined by Rule 7(a) of the Federal Rules of Civil Procedure. Under Rule 7(a) a pleading consists of: (1) a complaint; (2) answer to complaint; (3) answer to a counterclaim designated as a counterclaim; (4) answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and if the court orders one, a reply to an answer. Id. Under Rule 7(a), Shindig's amended counterclaim is not an amended pleading as contemplated by Rule 15(a)(3) of the Federal Rules of Civil Procedure.

Rather, the amended counterclaim is a response to the Second Amended Complaint of defendant and cross-defendant Good Times Restaurant, LLC ("Good Times"). As such, the term "amended" as used by Shindig is intended to differentiate its latest counterclaim from that filed by Shindig on January 14, 2022 in response to Good Times' First Amended Complaint. *See* Docket No. 13. Shindig's amended counterclaim is therefore not an amended pleading governed by Rule 15(a)(3) but a response to the Second Amended Complaint of Good Times. To the extent Shindig contends that the Amended Counterclaim is part of its answer to the Second Amended Complaint, the answer is denominated as just that, an answer to the Second Amended Complaint, not an amended answer. Moreover, Shindig neither sought, nor needed, leave of court to answer the Second Amended Complaint which is granted as of right in light of leave granted to Good Time to amend is First Amended Complaint. As such, the time to respond to Shindig's answer, and its amended counterclaim, is the 21 days set forth in Rule 15(a)(1) which expired on August 30, the date this motion was filed.

**2.     The Amended Counterclaim Is Not Brought for the Benefit of Anyone Other Than Shindig.**

This action asserts claims on behalf of Shindig and not on behalf of the public. This is why Good Times and the Third Party defendants move to strike the allegations of paragraph 83 of the Amended Counterclaim which seeks attorney's fees under the common fund doctrine and California Code of Civil Procedure section 1021.5. Indeed, the only allegations in the Amended

-2-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Counterclaim that Shindig cites in its opposition to this motion are the conclusory assertions in paragraph 79 of the Amended Counterclaim which allege:

> The above actions of Counter-Defendants Good Times and Bhambri also constituted fraudulent trade practices in violation of Sections 17200 of the California Business & Professions Code. The above misrepresentations by Counter-Defendants Good Times and Bhambri had the capacity to deceive and deceived Shindig *and others* because Counter-Defendants Good Times and Bhambri had superior and exclusive knowledge of their business and Shindig *and members of the general public had no method of learning of the falsity of those misrepresentations*.

Id. (emphasis added).

Nowhere in the amended counterclaim does Shindig allege who was allegedly deceived by the purported "misrepresentations" of Good Times and third party Bhambri. Nor does Shindig allege how the alleged misrepresentation affect the "general public." The allegations of paragraph 79 are therefore conclusory and do no show how this action has been brought for the benefit of any member of the public. Indeed, paragraph 81 of the Amended Counterclaim asserts only vague and conclusory statements that the conduct of Good Times and Bambri are somehow "a continuing threat to Shindig and to the members of the public" warranting the injunctive relief sought by Shindig for the benefit of the public. As paragraph 81 of the Amended Counterclaim states:

> Counter-Defendants Good Times and Bhambri's illegal, fraudulent and unfair business practices present a continuing threat to Shindig and to members of the public in that Counter-Defendants Good Times and Bhambri persist in these practices and will continue to do unless and until a permanent injunction is issues against Cross-Defendants Good Times and Bhambri. Such permanent injunctive relief should include rescission of contract, restitution, and ancillary damages to Shindig.

*Id.*

The very next paragraph of the Amended Counterclaim makes clear that this action is brought for the benefit of Shindig and not the public. As Shindig alleges:

> As a direct result of the above illegal, fraudulent and unfair business practices, Counter-Defendants Good Times and Bhambri have been unjustly enriched *and have otherwise received revenues from Shindig which should be held in trust and disgorged. The monies and other items paid by Shindig should be returned to Shindig by restitution, disgorgement or other equitable remedies.*

*Id.* (emphasis added).

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Shindig's assertion that Good Times engages "in these exact business practices with other
2   owners throughout the United States . . ." misstates the allegations of the Second Amended
3   Complaint. Paragraphs 10, 12 and 13 of the pleading do not allege that Good Times is a
4   franchisor. Nor can these allegations be credibly construed as Good Times having engaged in
5   any unlawfully business practices in its dealings with persons and entities other than Shindig.
6   See Opposition at 3: 19-23. In fact, the allegations of paragraphs 10, 12 and 13 assert nothing
7   more than that Good Times operates other restaurants using the ROOH trademark and which are
8   located in Palo Alto, California, Columbus Ohio and India and that Good Times has used the
9   trademark at issue in this action since at least March 2016. Second Amended Complaint, ¶10, 12
10  and 13. Nowhere do these allegations assert that Good Times operates its restaurants as a
11  franchise or that it allows others to use its mark. Nor can these allegations be construed as
12  supporting the assertion that Good Times has engaged in any wrongful conduct against the
13  public as Shindig asserts. See Opposition at 3, footnote 1. Accordingly, there is no basis for
14  Shindig to contend that this action has been brought to benefit, or in any way affects, the public.

**3.  The Amended Counterclaim Does Not Give Rise to Attorney's Fees.**

None of the authorities cited by Shindig supports it contention that attorney's fees are available to it either under the common fund doctrine or pursuant to Code of Civil Procedure section 1021.5. *Adtrader, Inc. v. Google LLC*, 7 F. 4th 803 (2021) and *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980) both involve class actions in which the courts permitted recovery of attorney's fees from a common settlement fund which is not the case in this action.

The common fund doctrine arises in a class action when counsel obtains a benefit for non-clients through litigation. *AdTrader, Inc. v. Google, LLC, supra*, 7 F. 4th at 808. "In such cases, counsel is allowed to recover attorneys' fees from *any settlement fund*, so that those class members who benefit from the lawsuit at no cost to themselves are not unjustly enriched at the lawyer's expense. *Id*. (emphasis added) (citing *Boeing Company v. Van Gemert, et al. supra*). As *AdTrader* notes: "the common fund doctrine provides that a private plaintiff, or his attorney . . . is entitled to recover from the fund . . . to spread litigation costs proportionately among all the

-4-

Reply Memorandum in Support of Motion to Strike Amended Counterclaim of
Shindig Hospitality Group, LLC                                      Case No.  3:21-cv-07688 AGT

1  beneficiaries so that the active beneficiary does not bear the entire burden alone and the

2  'stranger' beneficiaries do not receive their benefits at no cost to themselves"). *Id*. (quoting

3  *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 769 (9th Cir. 1977)).

4  Likewise, *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980) also involved a class action.

5  In *Boeing*, the plaintiffs "recovered a determinate fund for the benefit of every member of the

6  class whom they represent. *Id*. at 479. The Supreme Court concluded that "[s]ince the benefits

7  of the class recovery have been 'traced with some accuracy' and the costs of recovery have been

8  'shifted with some exactitude to those benefiting,'" *Id*. at 749 (quoting *Alyeska Pipeline Service*

9  *Co. v. Wilderness Society, supra*, at 265, n. 39 (1977)). The Court in *Boeing* therefore concluded

10 "that the attorney's fee award in this case is a proper application of the common-fund doctrine."

11 *Boeing, supra* at 481. In so concluding, the Supreme Court made clear that:

> The common-fund doctrine, as applied in this case, is entirely consistent with the American rule against taxing the losing party with the victor's attorney's fees. See *Alyeska Pipeline Service Co. v. Wilderness Society, supra*, at 247, 95 S.Ct., at 1616. The District Court's judgment assesses attorney's fees against a fund awarded to the prevailing class. Since there was no appeal from the judgment that quantified Boeing's liability Boeing presently has no interest in any part of the fund. *The members of the class, whether or not they assert their rights, are at least the equitable owners of their respective shares in the recovery*. Any right that Boeing may establish to the return of money eventually unclaimed is contingent on the failure of absentee class members to exercise their present rights of possession. Although Boeing itself cannot be obliged to pay fees awarded to the class lawyers, its latent claim against unclaimed money in the judgment fund may not defeat each class member's equitable obligation to share the expenses of litigation.

*Id*. at 481-482 (emphasis added).

In this action, there is no basis for recovery of attorney's fee under the common fund doctrine. This action is not a class action. Nor has this been brought on behalf of anyone other than Shindig and this is made clear by the claims asserted and the relief sought: all of the claims seek damages or restitution on behalf of Shindig with only token relief to the public under the guise of injunctive relief for unspecified and unpled actions purported undertaken by Good Times and Bhambri against the public. Indeed, Shindig fails to identify any person or entity other than itself affected by the alleged conduct of Good Time or Bhambri. Nor is there a

-5-

Reply Memorandum in Support of Motion to Strike Amended Counterclaim of
Shindig Hospitality Group, LLC                                    Case No. 3:21-cv-07688 AGT

1  common fund settlement involving class members. As such, there is no basis whatsoever for
2  Shindig to seek attorney's fees under the Common Fund Doctrine.
3      Similarly, Shindig misstates the holdings of *Walker v. Countrywide Home Loans, Inc.*, 98
4  Cal. App. 4th 1158, 1179 (2001) and *David v. Ford Motor Credit Co. LLC*, 179 Cal. App. 4th
5  581 (2009) when it asserts that it is entitled to seek attorney's fees as a private attorney general
6  an under an unfair competition law claim. Opposition at 3:4-6. *Walker* involved a defendant
7  that moved for attorney's fees after it prevailed on a motion for summary judgment in an action
8  brought by plaintiffs-borrowers who alleged that property inspection fees conducted on the real
9  property of delinquent borrowers were unlawful late fees that violated the Unfair Competition
10 Law (the "UCL"). *Id*. at 1164. The Court of Appeal affirmed the judgment against plaintiffs and
11 issued an order denying the defendant lender's motion for attorney's fees. *Id*. at 1165. The
12 Court of Appeal affirmed. In upholding the order denying attorney's fees, the Appellate Court
13 noted that Plaintiffs' "action was fundamentally one brought under the unfair competition law,
14 which law does not provide for an attorney fees award to the prevailing party. *Id*. at 1164.
15     In so doing, the Court of Appeal noted that "[i]f a plaintiff prevails in an unfair
16 competition law claim, it may seek attorney fees as a private attorney general pursuant to Code
17 of Civil Procedure section 1021.5" but that "[t]here is no provision for such a right for a
18 successful defendant." *Id*. at 1179. The Court of Appeal further noted that a defendant "may
19 recover attorney fees if the plaintiff alleged or prosecuted a *non-unfair-competition-law theory of*
20 *recovery* permitting the prevailing party to recover attorney fees." *Id*. "Under such
21 circumstances, the trial court may apportion attorney fees incurred in connection with the
22 alternative theory." *Id*. (citing *Shadoan v. World Saving & Loan Association*, 219 Cal. App. 3d
23 97 (1990)).
24     Here, apportionment of fees is not warranted because there is nothing to apportion.
25 Shindig unjustifiably relies on allegations in the Second Amended Complaint for its assertion
26 that Good Times operates other restaurants as a franchise. As noted above, this assertion is not
27 credible. As such, Shindig has not set forth any allegations that the alleged conduct of Good
28

-6-

Reply Memorandum in Support of Motion to Strike Amended Counterclaim of
Shindig Hospitality Group, LLC                                   Case No.  3:21-cv-07688 AGT

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Times and Bhambri have affected anyone other than Shindig and this is made clear by the
2  remedies sought by Shindig: damages and restitution as to conduct affecting Shindig.  Indeed,
3  while Shindig prays for injunctive relief, it is based on the alleged conduct of Good Times as to
4  Shindig and not the public or any other person or entity.

5  Similarly, *David v. Ford Motor Credit Co. LLC*, *supra*, involved a defendant lender
6  ("Ford") which prevailed in a claim brought by the plaintiff borrower under the UCL.  The
7  predicate act alleged by the plaintiff was that Ford violated the Rees-Levering Motor Vehicle
8  Sales and Finance Act (the "Act") which provided for recovery of attorney's fees.  Plaintiff,
9  however, did not sue directly under the Act.  *David, supra*, at 585.  Ford, however, based its
10 motion for attorney's fees under the Act and not under the UCL.  The Court of Appeal affirmed
11 the trial court's judgement of dismissal and its post judgment order denying Ford's motion for
12 attorney's fee.  *Id*. at 585.  In so doing, the Court of Appeal noted that "the UCL *does not*
13 *provide for attorney fees*, and relief is generally limited to injunctive relief and restitution.  *David*
14 *v. Ford Motor Credit Co. LLC, supra* at 600 (emphasis added) (citing *Cel–Tech*
15 *Communications, Inc. v. Los Angeles Telephone Company,* 20 Cal.4th 163 at 179 (1990)).  The
16 Court further stated in dicta that "[i]f a plaintiff prevails in an unfair competition law claim, it
17 may seek attorney fees as a private attorney general pursuant to Code of Civil Procedure section
18 1021.5. There is no provision for such a right for a successful defendant."  *David v. Ford Motor*
19 *Company, supra* at 600 (quoting *Walker v. Countrywide Home Loans, Inc*. 98 Cal. App. 4th
20 1158, 1179 (2002).  This language is dicta because whether the plaintiff could recover attorney's
21 fees as a private attorney general was not at issue in *David*.

22 The authorities cited by Shindig therefore make clear that there is no recovery of
23 attorney's fees under the UCL.

24 Moreover, Shindig fails to discuss the standard set forth in California Code of Civil
25 Procedure section 1021.5.  This statute provides that attorney's fees are recoverable to a
26 successful party in an action that results in the enforcement of an important right affecting the

27
28

-7-

Reply Memorandum in Support of Motion to Strike Amended Counterclaim of
Shindig Hospitality Group, LLC                                               Case No.  3:21-cv-07688 AGT

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

public interest which results in a significant benefit, either pecuniary or nonpecuniary, conferred on the general public or a large class of persons.

## CONCLUSION

The intent underlying section 1021.5 is not achieved by the Amended Counterclaim which seeks to recover damages and restitution on behalf of Shindig and not the public or a large class of person. Accordingly, the allegations in paragraph 83 of the Amended Counterclaim which seek attorney's fees on behalf of Shindig are properly stricken because there is no basis in law or fact supporting the allegations which are properly stricken under Rule 12(f) of the Federal Rules of Civil Procedure.

Dated: September 20, 2022

GORDON REES SCULLY MANSUKHANI, LLP

By: /s/ Edward Romero
David L. Jordan
Edward Romero
Attorneys for Plaintiff And Counter-Defendant GOOD TIMES RESTAURANTS, LLC And Third Party Defendants VIKRAM BHAMBRI, ANUPAMA BHAMBRI; TARESH ANAND; JATINDER PAL SINGH KOHLI; and SACHIN DHAWAN