UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOD TIMES RESTAURANTS, LLC, et al., | Case No.  21-cv-07688-AGT |
| Plaintiffs, | |
| v. | **ORDER ON MOTION TO ENFORCE SETTLEMENT AGREEMENT** |
| SHINDIG HOSPITALITY GROUP, LLC, et al., | Re: Dkt. No. 104 |
| Defendants. | |

## BACKGROUND

Plaintiffs own several upscale Indian restaurants trade named "Rooh," with two Bay Area locations. For multiple years, defendants operated their own "Rooh" restaurant in Chicago, initially with plaintiffs' blessing (cousins operated the different locations) but later not. Financial disputes resulted in litigation in several forums (including this one), and in a global settlement executed in early 2024, defendants agreed to stop using the name "Rooh" and now operate a Chicago-based upscale Indian restaurant named "Roop."

In late 2024, plaintiffs filed a motion to enforce the settlement agreement. They reported that defendants had made only some of the payments required under the agreement and hadn't removed all references to "Rooh" from websites and social media accounts under their control or rendered the website domain www.roohchicago.com "dark."

On the initial deadline by which to oppose plaintiffs' motion, defendants' attorneys

filed a motion to withdraw as counsel. They reported that defendants had stopped paying their fees and that the attorney-client relationship had fallen apart. *See* Dkt. 106. On the same day, defendants filed a "preliminary opposition" to plaintiffs' motion to enforce the settlement agreement. Therein, they asked the Court to extend their opposition deadline so that they could retain new counsel, who could file a more fulsome opposition. *See* Dkt. 107. In their preliminary opposition, defendants made one argument against plaintiffs' motion. They asserted that plaintiffs had breached the settlement agreement's confidentiality clause—by sharing details about the parties' dispute with the press—and that the breach was material and relieved defendants of their settlement obligations. *See id.* at 2.[1]

The Court granted defense counsel's motion to withdraw and gave defendants several weeks to retain new counsel and to file a supplemental opposition to plaintiffs' motion to enforce the settlement agreement. *See* Dkts. 112, 113. The new deadlines passed and defendants didn't retain new counsel or file a supplemental opposition. Defendants haven't offered cause for their delay, let alone good cause, so the Court will rule on plaintiffs' motion based on the current record.

---

[1] The settlement agreement's confidentiality clause reads as follows:

> <u>Confidentiality</u>. Except as otherwise required by law, judicial process, or court or administrative agency order, as necessary to enforce this Agreement, as necessary to obtain employment, as necessary to obtain advice from tax or legal advisors, or as necessary to obtain or maintain insurance coverage, the Parties agree that each shall refrain from disclosing, discussing, publicizing, or commenting on the facts and allegations relating to the dispute between the Parties, the consideration exchanged pursuant to this Agreement, or any other term of this Agreement. In response to any inquiry, the Parties agree to reply in substance that there was a dispute between the Parties, all allegations of which were denied, and the dispute was amicably resolved.

Dkt. 104-1 at 15 ¶ 14.

## ANALYSIS

Plaintiffs' evidence, which consists of the settlement agreement, plaintiff Taresh Anand's declaration, and screenshots of defendants' website, establishes that defendants breached the settlement agreement. In violation of the agreement, defendants haven't paid plaintiffs the full settlement amount, haven't removed the "Rooh" name from their websites and social media accounts, and haven't rendered the website domain www.roohchicago.com "dark." *See* Dkt. 104-1, Anand Decl. ¶¶ 14–19 & Ex. 1, Settlement Agreement ¶¶ 1, 5. Plaintiffs' evidence is undisputed.

Defendants' only response—that they no longer need to comply with the agreement because plaintiffs breached the confidentiality clause—isn't persuasive. Assuming, without deciding, that one side's breach of the confidentiality clause would release the other side from its settlement obligations, defendants haven't proven such a breach.

Defendants' only evidence is a *Chicago Eater* article published approximately six months after the settlement. In the article, titled "Chicago's Best Indian, Pakistani, and Nepalese Restaurants," dkt. 108 at 4, the author said the following about "Roop," defendants' newly branded restaurant.

> After a falling out with the founders of the brand years ago, the owners of the Chicago location of Rooh were running an unsanctioned location of the San Francisco original. They've finally rebranded by swapping out a consonant, leaning into the Hindi word for "beauty." Now called Roop, the restaurant occupies two floors on Randolph Restaurant Row . . . . [T]he prominent space in West Loop is worth a visit.

*Id.* at 5.

The *Chicago Eater* article, defendants assert, "suggests that [p]laintiffs willfully revealed details regarding the [p]arties' dispute" to the press. Dkt. 107 at 2. This assertion is only conjecture. Defendants haven't offered direct evidence of a conversation between

plaintiffs and the article's author, and defendants' indirect evidence isn't strong enough to prove that such a conversation occurred. The author could have relied on sources other than plaintiffs. The parties have been litigating about "Rooh" Chicago's legitimacy since 2021, and it's no secret that "Rooh" Chicago recently rebranded as "Roop."

Plaintiffs have demonstrated that defendants breached the settlement agreement, and defendants haven't proven that their breach was excused. The Court therefore grants plaintiffs' motion to enforce the settlement agreement and issues the following order:

## ORDER

1. Within 30 days, defendants, jointly and severally, shall make the following payments due and outstanding under the settlement agreement:

    a. $110,000.00 to each Anupama Bhambri, Taresh Anand, Sachin Dhawan, and Jatinder Pal Singh Kohli (for a total of $440,000.00);

    b. $90,250.00 to each Anupama Bhambri, Taresh Anand, Sachin Dhawan, and Jatinder Pal Singh Kohli (for a total of $361,000.00).

2. Within 30 days, defendants shall pay prejudgment interest on the outstanding amounts owed at the prevailing rate of 10%, measured from March 7, 2024, the date on which the outstanding amounts were due. *See* Settlement Agreement ¶ 2; Cal. Civ. Code § 3289(b) (identifying 10% per annum as the rate of interest after a breach of contract).

3. Within 30 days, defendant Manish Mallick shall cease all ownership of the website www.roohchicago.com and render it "dark," and not use it as a URL redirect or otherwise use it to direct web traffic to any other website, including www.roopchicago.com.

4. Within 30 days, defendant Mallick shall remove all references to "Rooh" from all websites under his control, including www.roopchicago.com.

5. Within 30 days, defendant Mallick shall remove all references to "Rooh" from all social media accounts under his control, including all posts, videos, and stories on the Instagram and Facebook pages for "Roop" Chicago.

6. Plaintiffs are entitled to an award of reasonable attorneys' fees, expenses, costs, and any collection costs incurred in bringing this action. *See* Settlement Agreement ¶ 19. Plaintiffs shall file a motion for fees and costs by April 5, 2025.

7. Former defense counsel must serve defendants with a copy of this order.

**IT IS SO ORDERED.**

Dated: February 18, 2025

Alex G. Tse
United States Magistrate Judge